Barnard, P. J.
The plaintiffs derive their right to occupy the premises in question directly from their father. *568 This right is not incident to or connected with the estate then given to his wife.
The plaintiffs are her children, it is true, and no doubt the expectation of the testator was that the children would live with their mother, but the estates are not legally connected. The life estate in one-third is given to the wife for and during her widowhood, “the remaining two are to be for the use of such of my children by her as may choose to occupy the same, those who may thus occupy being required to pay the taxes and assessments thereof, and to keep the premises in repair.” The refusal of the widow to accept the provisions of the will in lieu of dower had no relevancy to the right of the children. As widow she is still entitled to the use of one-third of the property for her hfe. There is no error, therefore, in the rejection of the evidence that the widow refused to take the provision of the will. The children were not parties to her claim. The fact that the defendant claimed a right in one-third of the premises as one of the heirs at law of the testator, was immaterial. The plaintiffs asserted their right to recover their two-thirds, and that right was denied by the answer. Clapp v. Bromingue, 9 Cow., 530; 2 R. S., 307. The plaintiffs were not bound to repair and pay taxes until they occupied, and this possession they could not get. It was properly held that the question of taxes was miimportant upon this trial. The plaintiffs were not in fault there. The averment that the defendants unlawfully withheld possession of the premises to the damage of the plaintiffs of $100, does not limit the general demand for judgment that the recovery be for the property with these damages for the detention. The averment of the extent of the damages was true at the commencement of the action, but the interval between the commencement of the action and the time of the trial increased the damages to the amount of the recovery.
■ The judgment should, therefore, be affirmed, with costs.
Dykman and Cullen, JJ., concur.